NICOLASA RIVERA, Plaintiff and Appellee, *v.* HERMENEGILDO VÁZQUEZ, Defendant and Appellant.

No. 5761.   Argued June 2, 1932.—Decided July 19, 1933.

*Lens & Susoni* and *Francisco Cadilla* for appellant.   *Ulpiano Crespo* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Nicolasa Rivera brought an action for divorce against her husband and alleged that while they resided in the city

of Arecibo, her husband had abandoned her and removed to the country. The judgment for the plaintiff rendered in that action was confined to a grant of the divorce. A year afterward, she petitioned the court, then presided by another judge, to declare that she was the sole owner of a homestead right in two rural properties located in the ward of Arenalejos, in the municipal district of Arecibo, which had been acquired during her marriage and had been conveyed to a third person in a judicial proceeding for the collection of a mortgage. Her petition was granted in order that she might enforce her right against the persons who attempted to attach or levy execution upon said properties by virtue of judgments affecting the same. Thereupon the husband took the present appeal from that order.

Two grounds are set forth by the appellant in support of his appeal, to wit: That the lower court erred in granting to the plaintiff the right claimed by her after a final judgment had been rendered containing no pronouncement whatsoever with respect to the matter; and that it also erred in granting that right to the appellee without any evidence that would permit of the disposal of the homestead right according to the equities of the case.

Those are the questions proposed for determination in this appeal. Nothing is said as to whether the spouses having their home in the city of Arecibo at the time the husband abandoned his wife, a homestead right exists in two rural properties in which the spouses did not live.

The provisions of the Act of March 12, 1903, relating to homestead are reproduced in sections 541 and 544, inclusive, of the 1930 edition of the Civil Code. According to those provisions every householder having a family, shall be entitled to an estate of homestead to the extent and value of $500, in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her as a residence; and such a right

shall be exempt from execution. In case of a divorce, the court granting the same may, in the decree, dispose of the homestead estate according to the equities of the case.

It is not to be inferred from those provisions that the judicial declaration awarding the homestead right in case of a divorce must necessarily be made in the judgment granting the divorce, but only that the right must be awarded by the court which decided the action for divorce, for which reason the petition for such an award may be made after the judgment of divorce has been rendered, and hence the first error urged is nonexistent.

The second ground is argued by saying that the judge who decided the motion in which this appeal originated did not have before him the evidence introduced in the divorce action, so as to be enabled to determine said right according to the equities of the case. However, from the complaint, the judgment, and the opinion on which the latter was based, he knew that the divorce was decreed in favor of the wife and that she was abandoned by her husband two months before the only child of that marriage was born, and therefore it can not be maintained that the judge had no elements before him to declare that the equities of the case as regards the homestead were in favor of the deserted wife.

The order appealed from must be affirmed.